IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| WILLIAM LAU,<br><br>    Plaintiff,<br><br>vs.<br><br>GOOD SAM INSURANCE AGENCY and NATIONAL GENERAL INSURANCE,<br><br>    Defendants. | Case No. 3:22-cv-00087-JWS<br><br>**ORDER ON<br>MOTION TO DISMISS<br>[Doc. 12]** |
| GOOD SAM INSURANCE AGENCY and NATIONAL GENERAL INSURANCE,<br><br>    Third-Party Plaintiffs,<br><br>vs.<br><br>SUE ROBINSON d/b/a BIRCHMERE BOAT AND RV STORAGE,<br><br>    Third-Party Defendant. | |

## I. MOTION PRESENTED

At docket 12, Third-Party Defendant Sue Robinson d/b/a Birchmere Boat and RV Storage ("Robinson"), filed a motion to dismiss the subrogation claim filed against her by Defendant/Third-Party Plaintiffs Good Sam Insurance Agency and National General Insurance ("Insurance Defendants"). Insurance Defendants filed

their opposition at docket 13. Robinson filed her reply at docket 14. Oral argument would not be of assistance to the court.

## II. BACKGROUND

Plaintiff in this case, William Lau ("Lau"), acting *pro se*, alleges that on March 18, 2021, his 2001 Cardinal Fifth Wheel RV was stored at Birchmere Boat and RV Storage in Soldotna, Alaska. "With great snow fall that winter, [the snow] caused the roof of the storage facility to collapse upon the Plaintiff's RV."[1] Plaintiff asserts that his RV was insured pursuant to a policy issued by Insurance Defendants and that they unreasonably processed his insurance claim, causing unnecessary loss of use, untimely assessment and repair, and denial of coverage.

Insurance Defendants answered the complaint, admitting they had an insurance contract with Lau and "certain obligations pursuant to the contract for losses sustained by [him]."[2] They also admit that Lau's RV was being stored for the winter at Birchmere Boat and RV Storage in Soldotna. They brought a third-party claim against the owner of that storage facility, Robinson, alleging she had a contractual obligation to safely store Lau's RV at her facility and that she breached that duty by failing to maintain the facility's roof so it could withstand the snowfall or otherwise by failing to remove the snow in a timely manner to prevent the roof's collapse. They assert that "[t]o the extent [Lau] can establish damages to his recreational vehicle that [Insurance Defendants] are obligated to pay, [Insurance Defendants] are subrogated to

---

[1] Docket 1-1 at 2 ¶ 6.
[2] Docket 6 at 2 ¶ 4.

*Lau v Good Sam Ins. Agency, et al.*     Case No. 3:22-cv-00087-JWS
Order on Motion to Dismiss     Page 2
Case 3:22-cv-00087-JWS   Document 16   Filed 07/12/22   Page 2 of 7

the rights of [Lau] and are entitled to pursue an action against [Robinson] to recover any monetary damages paid to [Lau]."[3]

Robinson seeks to dismiss Insurance Defendants' complaint against her. She argues that Insurance Defendants have failed to raise a claim pursuant to which relief can be granted because she did not owe a duty of care to Lau and was not the cause of the damage to the RV.

### III. STANDARD OF REVIEW

Rule 12(b)(6) tests the legal sufficiency of a plaintiff's claims. In reviewing such a motion, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party."[4] To be assumed true, the allegations "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."[5] Dismissal for failure to state a claim can be based on either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[6] "Conclusory allegations of law . . . are insufficient to defeat a motion to dismiss."[7]

---

[3] Docket 6 at 5 ¶ 6.
[4] *Vignolo v. Miller,* 120 F.3d 1075, 1077 (9th Cir. 1997).
[5] *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).
[6] *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).
[7] *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001).

*Lau v Good Sam Ins. Agency, et al.*     Case No. 3:22-cv-00087-JWS
Order on Motion to Dismiss     Page 3
Case 3:22-cv-00087-JWS    Document 16    Filed 07/12/22    Page 3 of 7

To avoid dismissal, a plaintiff must plead facts sufficient to "state a claim to relief that is plausible on its face."[8] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[9] "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."[10] "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."[11]

In deciding whether to dismiss a claim under Federal Rule of Civil Procedure 12(b)(6), the court generally is limited to reviewing only the complaint, but it may review materials which are properly submitted as part of the complaint and may take judicial notice of undisputed matters of public record that are outside the pleadings.[12] Furthermore, documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered when ruling on a Rule 12(b)(6) motion to dismiss.[13]

---

[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[9] *Id.*
[10] *Id.* (quoting *Twombly*, 550 U.S. at 556).
[11] *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009); *see also Starr*, 652 F.3d at 1216.
[12] *See Gonzalez v. First Franklin Loan Srvs.*, 2010 WL 144862, at *3 (E.D. Cal. Jan. 11, 2010) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001)); *Campanelli v. Bockrath*, 100 F.3d 1476, 1479 (9th Cir. 1996); *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986).
[13] *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds by *Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

*Lau v Good Sam Ins. Agency, et al.*     Case No. 3:22-cv-00087-JWS
Order on Motion to Dismiss     Page 4
Case 3:22-cv-00087-JWS    Document 16    Filed 07/12/22    Page 4 of 7

## IV. DISCUSSION

Robinson argues that dismissal of the subrogation claim against her is warranted because she did not owe a duty of care to Lau under the applicable storage contract.[14] She relies on the "acts of God" provision in the contract, arguing that the alleged "great" snowfall constitutes an unforeseen act of God that precludes any liability for damages on her part. While not defined in the contract, Alaska courts recognize an "act of God" as "an irresistible superhuman cause such as no ordinary or reasonable human foresight, prudence, diligence, and care could have anticipated and prevented."[15] To preclude liability in negligence, an act of God must be something that "was incapable of being avoided by reasonable care or foreseen by reasonable prudence."[16]

This court cannot conclude that the claim against Robinson must be dismissed for failure to state a claim. Lau's complaint alleges that there was "great snow fall that winter" which caused the roof of Robinson's storage facility to collapse on his RV.[17] Insurance Defendants' complaint in turn alleges that Robinson failed to properly maintain the roof so that it could withstand the snowfall or otherwise failed

---

[14] Robinson included a copy of the contract with her motion to dismiss. The contract, while not included with the complaint, may be considered on a Rule 12(b) motion, because the third-party complaint alleges that the contract imposed a duty on Robinson to safely store Lau's RV in her storage facility, and there is no question about the authenticity of the copy included with Robinson's motion.

[15] *Widmyer v. Se. Skyways, Inc.*, 584 P.2d 1, 14 (Alaska 1978) (citing *Garrett v. Beers*, 155 P. 2, 3 (Kansas 1916)).

[16] *Id.*

[17] Docket 1-1 at 2 ¶ 6.

*Lau v Good Sam Ins. Agency, et al.*  Case No. 3:22-cv-00087-JWS
Order on Motion to Dismiss  Page 5
Case 3:22-cv-00087-JWS   Document 16   Filed 07/12/22   Page 5 of 7

to remove accumulating snow to reduce weight on the roof and therefore breached her duty to Lau. This sets forth a plausible claim of negligence.

The "acts of God" provision in the contract does not, as a matter of law, shield Robinson from liability. As noted by Insurance Defendants, "Robinson fails to cite one case where snowfall over a period of time, or even a single snowfall, has been held to be an act of God that immunizes a defendant from liability."[18] Indeed, the court cannot reasonably hold that as a matter of law snowfall in Alaska constitutes "an irresistible superhuman cause such as no ordinary or reasonable human foresight, prudence, diligence, and care could have anticipated and prevented."[19] Rather, whether the "great snowfall that winter" that is alleged to have collapsed the storage facility's roof was so extraordinary that it could not be foreseen or otherwise constitutes an "act of God" is a factual issue, inappropriate for determination pursuant to a Rule 12(b)(6) motion.

Robinson also argues that the complaint against her should be dismissed because "[Insurance Defendants] have failed to establish that [she] caused the . . . damages."[20] Her argument is without merit. Insurance Defendants have adequately pled a claim of negligence, including the element of causation:

> [Robinson] breached [her] duty to safely store [Lau's] fifth wheel recreational vehicle by failing to properly maintain its storage facility by failing to assure its roof was in a well-built condition to withstand the snowfall in Southcentral Alaska and/or failing to remove the snow in a timely

---

[18] Docket 13 at 6.
[19] *Widmyer*, 584 P.2d at 14.
[20] Docket 12 at 5.

*Lau v Good Sam Ins. Agency, et al.* Case No. 3:22-cv-00087-JWS
Order on Motion to Dismiss Page 6
Case 3:22-cv-00087-JWS Document 16 Filed 07/12/22 Page 6 of 7

> fashion prior to the roof caving in and causing damage to the plaintiff's recreational vehicle. . . . [Robinson's] breach of its duty to maintain a safe place to store plaintiff's RV has resulted in damage to [Insurance Defendants].[21]

The court must take these allegations as true. That is, contrary to Robinson's argument, Insurance Defendants do not need to prove their theory of liability at this point in the litigation.

Robinson argues that proximate causation has not been, and cannot be, adequately pled here because all reasonable jurors in Alaska would "blame the . . . snow" not her. The court disagrees. Here, there are issues of fact surrounding the amount of snowfall, the predictability of such snowfall, the condition of the roof, and the effect of the snow on the roof. These facts all are relevant to the issue of causation. It is entirely plausible that a jury could conclude that Robinson's failure to anticipate and plan for a "great" amount of snow accumulation on her facility's roof makes her legally responsible for the roof's collapse.

## V. CONCLUSION

Based on the preceding discussion, Robinson's motion to dismiss at docket 12 is DENIED.

IT IS SO ORDERED this 12th day of July, 2022, at Anchorage, Alaska.

                                                    */s/ John W. Sedwick*
                                                    JOHN W. SEDWICK
                                       Senior United States District Judge

---

[21] Docket 6 at 4–5 ¶¶ 4, 6.

*Lau v Good Sam Ins. Agency, et al.*                        Case No. 3:22-cv-00087-JWS
Order on Motion to Dismiss                                      Page 7
Case 3:22-cv-00087-JWS   Document 16   Filed 07/12/22   Page 7 of 7