IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| WILLIAM LAU,<br><br>    Plaintiff,<br><br>  v.<br><br>GOOD SAM INSURANCE AGENCY, *et al.*,<br><br>    Defendants. | Case No. 3:22-cv-00087-SLG |

## ORDER RE PENDING MOTIONS FOR SUMMARY JUDGMENT

Before the Court at Docket 70 is Defendants Good Sam Insurance Agency ("Good Sam") and National General Assurance Company's ("National General") (collectively "Defendants") Renewed Motion for Summary Judgment Re Vacation Liability Coverage. Plaintiff William Lau, who is self-represented, did not file a response to the motion. Also before the Court at Docket 71 is Defendants Good Sam and National General's Renewed Motion for Summary Judgment Re Bad Faith. Mr. Lau did not file a response to the motion. Oral argument was not requested on either motion and was not necessary to the Court's decision.

Upon due consideration, the Motions for Summary Judgment at Dockets 70 and 71 are **GRANTED**.

### BACKGROUND

Between March 2020 and March 2021, Mr. Lau owned an insurance policy with Good Sam that covered his recreational vehicle, a 2010 Cardinal Fifth Wheel

("Fifth Wheel").[1]  National General underwrote Mr. Lau's policy with Good Sam.[2] Among other things, the policy includes an endorsement for "Vacation Liability Coverage."[3]  This endorsement provides that:

> [National General] will pay damages for bodily injury or property damage for which an insured becomes legally responsible because of an occurrence. The occurrence must occur while an insured recreational vehicle is being used as, and at, a temporary residence while on vacation.
> . . .
> [National General] will settle or defend . . . any claim or suit asking for damages covered by this endorsement."[4]

It then defines "occurrence" as "a sudden, unexpected and unintended event" and specifies that "[a]n occurrence exists or applies only when an insured recreational vehicle is used as a temporary residence."[5]  "Temporary residence" is also defined as "a residence or premises that is away from, and not used as, your permanent or primary residence."[6]

Between September 9, 2020 and May 9, 2021, Mr. Lau stored the Fifth Wheel at Birchmere Boat & RV Storage in Soldotna, Alaska.[7]  Unfortunately,

---

[1]  Docket 70-2 at 1.

[2]  Docket 70-2 at 1.

[3] Docket 70-2 at 10–13.

[4] Docket 70-2 at 10.

[5] Docket 70-2 at 11.

[6] Docket 70-2 at 11.

[7] Docket 70-3.

Case No. 3:22-cv-00087-SLG, *Lau v. Good Sam Insurance Agency, et al.*
Order re. Pending Motions for Summary Judgment
Page 2 of 13
Case 3:22-cv-00087-SLG   Document 73   Filed 08/01/24   Page 2 of 13

during that winter, the roof of the storage facility collapsed, damaging the Fifth Wheel.[8]

In March 2021, Mr. Lau submitted a claim to National General under his policy for damage to the Fifth Wheel caused by the roof collapse, and, on April 22, 2021, called a National General representative, Anyeline Hubble, to follow up on the claim.[9] During the claims process, Mr. Lau and National General disputed whether he was obliged to transport his Fifth Wheel to a shop of his choosing for appraisal.[10] Although National General requested Mr. Lau choose a shop for repairs, Mr. Lau initially refused to choose a shop, believing that it was the insurer's duty to locate a repair shop and tow the Fifth Wheel there.[11] Nonetheless, in September 2021, National General estimated the damage to the Fifth Wheel and issued Mr. Lau a check for about $7,100.[12] Mr. Lau never cashed this check, fearing that to do so would require him to relinquish his claims.[13]

In March 2022, Mr. Lau initiated this case.[14] Some time later, on September 15, 2023, Mr. Lau transported the Fifth Wheel to a repair shop that he had selected

---

[8] *See* Docket 70-4 at 2–3.

[9] Docket 71-4 at 2 & 4.

[10] Docket 71-4 at 7–14.

[11] Docket 71-4 at 8.

[12] Docket 71-4 at 9

[13] Docket 71-4 at 10.

[14] Docket 1-1.

Case No. 3:22-cv-00087-SLG, *Lau v. Good Sam Insurance Agency, et al.*
Order re. Pending Motions for Summary Judgment
Page 3 of 13
Case 3:22-cv-00087-SLG   Document 73   Filed 08/01/24   Page 3 of 13

in Anchorage for an estimate.[15] Thereafter, he requested compensation for a flat tire that occurred during the drive and for the income he lost because he missed a day of work.[16]

National General denied Lau's claim for the cost of the tire repair, citing policy exclusions for damage due to wear and tear, road damage to tires, and gradual deterioration.[17] It also denied Lau's claim for a day's lost earnings, citing the absence of coverage for lost earnings.[18] However, on October 4, 2023, National General tendered payment for the damage to the Fifth Wheel caused by the roof collapse in the amount of the estimate provided by Mr. Lau's preferred repair shop, less his deductible.[19] National General also covered the cost of fuel for the trip to Anchorage.[20]

This litigation progressed and the parties filed cross-motions for summary judgment.[21] The Court granted one of these motions, ruling that the emergency expense provision in Mr. Lau's policy did not cover transportation of the Fifth Wheel

---

[15] Docket 71-8.

[16] Docket 71-8.

[17] Docket 71-9.

[18] Docket 71-9.

[19] Docket 71-9.

[20] Docket 71-9.

[21] Docket 46; Docket 47; Docket 58; Docket 66.

Case No. 3:22-cv-00087-SLG, *Lau v. Good Sam Insurance Agency, et al.*
Order re. Pending Motions for Summary Judgment
Page 4 of 13

to a repair shop.[22] The Court denied Defendants' motions with respect to vacation liability coverage and Mr. Lau's bad faith claim, but indicated renewed motions might be appropriate.[23] Additionally, the Court denied Mr. Lau's motion with respect to his bad faith claim.[24] Defendants now renew their motions with respect to vacation liability coverage and Mr. Lau's bad faith claim.[25]

## LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) directs a court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The burden of showing the absence of a genuine dispute of material fact lies with the movant.[26] If the movant meets this burden, the non-moving party must demonstrate "specific facts showing that there is a genuine issue for trial."[27] The non-moving party may not rely on "mere allegations or denials"; rather, to reach the level of a genuine dispute, the evidence must be such "that a reasonable jury could return a verdict for the non-moving party."[28]

---

[22] Docket 69 at 5–8.

[23] Docket 69 at 8–9 & 12–13.

[24] Docket 69 at 13–14.

[25] Docket 70; Docket 71.

[26] *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

[27] *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

[28] *Anderson*, 477 U.S. at 248-49 (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253

Case No. 3:22-cv-00087-SLG, *Lau v. Good Sam Insurance Agency, et al.*
Order re. Pending Motions for Summary Judgment
Page 5 of 13
Case 3:22-cv-00087-SLG   Document 73   Filed 08/01/24   Page 5 of 13

When considering a motion for summary judgment, a court views the facts in the light most favorable to the non-moving party and draws "all justifiable inferences" in the non-moving party's favor.[29] "[W]here the party moving for summary judgment has had a full and fair opportunity to prove its case, but has not succeeded in doing so, a court may enter summary judgment *sua sponte* for the nonmoving party."[30]

A district court may not grant a motion for summary judgment solely because the opposing party has failed to file an opposition.[31] However, the court may grant an unopposed motion for summary judgment if the moving party's papers are themselves sufficient to support the motion and do not on their face reveal a genuine issue of material fact.[32]

## DISCUSSION

### I. Renewed Motion for Summary Judgment on Vacation Liability Coverage

---

(1968)).

[29] *Id.* at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)).

[30] *Albino v. Baca*, 747 F.3d 1162, 1176 (9th Cir. 2014) (en banc) (first citing *Cool Fuel, Inc. v. Connett*, 685 F.2d 309, 311 (9th Cir. 1982); and then citing *Gospel Missions of Am. v. City of L.A.*, 328 F.3d 548, 553 (9th Cir. 2003)).

[31] *See Cristobal v. Siegel*, 26 F.3d 1488, 1494–95 & n.4 (9th Cir. 1994).

[32] *Id.*

Case No. 3:22-cv-00087-SLG, *Lau v. Good Sam Insurance Agency, et al.*
Order re. Pending Motions for Summary Judgment
Page 6 of 13
Case 3:22-cv-00087-SLG   Document 73   Filed 08/01/24   Page 6 of 13

Defendants move for summary judgment on Mr. Lau's claim that they were contractually obliged to extend vacation liability coverage to him under the policy.[33] They contend that the vacation liability provision provides third-party liability coverage and therefore does not apply to Mr. Lau's first-party claim.[34] Furthermore, they assert that the vacation liability coverage does not apply because the Fifth Wheel was not damaged while it was used as a temporary residence.[35] Mr. Lau did not respond in opposition to the motion.

Alaska state law controls the Court's interpretation of the policy here.[36] "In addressing the proper interpretation of an insurance policy [under Alaska law], [courts] look to (1) the language of the disputed provisions in the policy, (2) other provisions in the policy, (3) extrinsic evidence, and (4) case law interpreting similar provisions."[37] "Insurance policies are construed in such a way as to honor the

---

[33] Docket 70.

[34] Docket 70-1 at 7–11.

[35] Docket 70-1 at 11–12.

[36] *See Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996) ("[F]ederal courts sitting in diversity apply state substantive law and federal procedural law.").

[37] *State Farm Mut. Auto. Ins. Co. v. Houle*, 269 P.3d 654, 657–58 (Alaska 2011).

Case No. 3:22-cv-00087-SLG, *Lau v. Good Sam Insurance Agency, et al.*
Order re. Pending Motions for Summary Judgment
Page 7 of 13
Case 3:22-cv-00087-SLG   Document 73   Filed 08/01/24   Page 7 of 13

reasonable expectations of a layperson seeking coverage."[38] Alaska law requires that courts construe ambiguity in insurance policies in favor of the insured.[39]

Generally, insurance coverage falls into one of two categories. First-party insurance provides coverage for a loss or damage sustained directly by the insured or to the insured's property.[40] By contrast, liability insurance covers "a loss resulting from the insured's liability to a third party. . . ."[41]

The Vacation Liability Coverage endorsement provides that the insurer "will pay damages for bodily injury or property damage for which an insured becomes legally responsible because of an occurrence" and "will settle or defend . . . any claim or suit asking for damages covered by this endorsement."[42] The language of the policy unambiguously reflects that the coverage extends to damages for which the insured "becomes legally responsible," not those that the insured suffers directly.[43]

---

[38] *United Servs. Auto. Ass'n v. Neary*, 307 P.3d 907, 910 (Alaska 2013); *see also Safety Nat. Cas. Corp. v. Pac. Emps. Ins. Co.*, 927 P.2d 748, 750 (Alaska 1996) (internal quotations and citations omitted) ("Insurance contracts are interpreted in accordance with the reasonable expectations of the insured. This is true even if painstaking study of the policy provisions would have negated those expectations.").

[39] *Allstate Ins. Co. v. Falgoust*, 160 P.3d 134, 138 (Alaska 2007).

[40] *See Hillman v. Nationwide Mut. Fire Ins. Co.*, 855 P.2d 1321, 1323 (Alaska 1993) (noting that, in "first-party" insurance cases, "insureds seek compensation from their own insurers for losses which they have suffered").

[41] Liability Insurance, Black's Law Dictionary (10th ed. 2014).

[42] Docket 70-2 at 10.

[43] Docket 70-2 at 10.

Case No. 3:22-cv-00087-SLG, *Lau v. Good Sam Insurance Agency, et al.*
Order re. Pending Motions for Summary Judgment
Page 8 of 13
Case 3:22-cv-00087-SLG   Document 73   Filed 08/01/24   Page 8 of 13

Moreover, even if the vacation liability coverage provision extended to damages the insured suffered directly, it would not apply to the damage to the Fifth Wheel. The coverage provision specifies that it applies when there is "an occurrence," which "must occur while an insured recreational vehicle is being used as, and at, a temporary residence while on vacation."[44] It is undisputed that the damage to the Fifth Wheel occurred while it was in storage and not while it was being used as a temporary residence.[45] As such, the language of the policy makes clear that vacation liability coverage would not apply to the damage here.

Accordingly, Defendants are entitled to summary judgment on the vacation liability claim as they are not obliged to extend vacation liability coverage to Mr. Lau for the damage to the Fifth Wheel.

## II. Renewed Motion for Summary Judgment re Bad Faith

Defendants also move for summary judgment on Mr. Lau's bad faith claim.[46] They assert that National General "evaluated [Mr.] Lau's claim, twice tendered payment of [his] covered claim of property damage . . ., and . . . had reasonable bases for denying Mr. Lau's additional claims for emergency expense coverage, and vacation liability coverage."[47] Mr. Lau did not file an opposition to the motion.

---

[44] Docket 70-2 at 10. The policy further defines a temporary residence as "a residence or premises that is away from, and not used as, your permanent or primary residence." Docket 70-2 at 11.

[45] *See* Docket 70-4 at 2–3.

[46] Docket 71.

[47] Docket 71-1 at 1–2, 10–11.

Case No. 3:22-cv-00087-SLG, *Lau v. Good Sam Insurance Agency, et al.*
Order re. Pending Motions for Summary Judgment
Page 9 of 13
Case 3:22-cv-00087-SLG   Document 73   Filed 08/01/24   Page 9 of 13

All contracts in Alaska carry an implied duty of good faith and fair dealing.[48] For insurance contracts, "breach of this covenant by the insurer gives the insured a cause of action sounding in tort," which is commonly referred to as the tort of bad faith.[49] Alaska courts have not precisely defined the elements of the tort of "bad faith" but "precedent makes clear that the element of breach at least requires the insured to show that the insurer's actions were objectively unreasonable under the circumstances."[50] When a bad faith claim is based on a denial of coverage, this Court has previously identified two elements that apply: "(1) that the insurer lacked a reasonable basis for denying coverage and (2) that the insurer had knowledge that no reasonable basis existed to deny the claim or acted in reckless disregard for the lack of a reasonable basis for denying the claim."[51] With respect to the first element, "[t]he Alaska Supreme Court has clearly held that insurers act reasonably where they take a defensible legal position about the extent of their liability or the interpretation of the law."[52]

---

[48] *Lockwood v. Geico Gen. Ins. Co.*, 323 P.3d 691, 697 (Alaska 2014).

[49] *Id.*

[50] *Id.*

[51] *KICC-Alcan Gen., Joint Venture v. Crum & Forster Specialty Ins. Co., Inc.*, 242 F. Supp. 3d 869, 880 n.98 (D. Alaska 2017) (internal quotations and citations omitted).

[52] *U.S. ex rel. N. Star Terminal & Stevedore Co. v. Nugget Const., Inc.*, No. 3:98-cv-00009-TMB, 2006 WL 2251122, at *5 (D. Alaska July 28, 2006) (first citing *Hillman v. Nationwide Mut. Fire Ins. Co.*, 855 P.2d 1321, 1325 (Alaska 1993); and then citing *Peter v. Progressive Corp.*, No. S-11416, 2006 WL 438658 at * 6 (Alaska, Feb. 22, 2006)).

Case No. 3:22-cv-00087-SLG, *Lau v. Good Sam Insurance Agency, et al.*
Order re. Pending Motions for Summary Judgment
Page 10 of 13
Case 3:22-cv-00087-SLG   Document 73   Filed 08/01/24   Page 10 of 13

In his Complaint, Mr. Lau alleges that Defendants "failed to exercise good faith . . . by (a) failing to provide timely and accurate investigation and evaluation for the Plaintiff's RV; (b) denying the RV towing allowances to Anchorage . . .; (c) failing to provide adequate assessment to evaluate the total damage and cost of repair . . . [and] (d) fail[ing] to timely repair the RV. . . ."[53] In this case, summary judgment on Mr. Lau's bad faith claim is warranted as none of these allegations is supported by the record.[54]

First, Mr. Lau's bad faith claim based on Defendants' denial of the RV towing allowances to Anchorage fails. This Court has determined that neither the emergency expense provision nor the vacation liability provision of Mr. Lau's policy applies to the Fifth Wheel.[55] As such, Mr. Lau cannot establish the first element of a bad faith claim—that Defendants lacked a reasonable basis for denying coverage. There is no question that Defendants acted reasonably by taking a defensible legal position with respect to the policy's coverage of RV towing as the

---

[53] Docket 1-1 at ¶ 9. In a deposition, Mr. Lau indicated that he believed Defendants owed him other duties under his policy. Docket 70-4 at 7–9. But Mr. Lau has not alleged these as part of his Complaint and they are not before the Court.

[54] *See Hernandez v. Spacelabs Med. Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003) (citations omitted) (noting that a party cannot "defeat summary judgment with allegations in the complaint, or with unsupported conjecture or conclusory statements"); *see also Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (per curiam) ("Although [courts] construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure.").

[55] *See* Docket 69 at 5–8 ("[T]he emergency expense provision of Mr. Lau's policy did not cover transportation of the Fifth Wheel."); *see also supra* at 7–9 (concluding the vacation liability provision does not apply).

Case No. 3:22-cv-00087-SLG, *Lau v. Good Sam Insurance Agency, et al.*
Order re. Pending Motions for Summary Judgment
Page 11 of 13
Case 3:22-cv-00087-SLG   Document 73   Filed 08/01/24   Page 11 of 13

Court subsequently endorsed their interpretation of the policy on this precise issue.[56]

Additionally, a bad faith claim based on Defendants' alleged failure to timely, accurately, and adequately investigate and evaluate damage to the Fifth Wheel cannot proceed. As discussed, Defendants did not have a duty under the emergency expense or vacation liability provisions of the policy to transport the Fifth Wheel for a damages estimate. And, within weeks of receiving an estimate from Mr. Lau's shop of choice, National General tendered payment for the estimated repair cost.[57] Under Alaska law, an "objectively unreasonable" delay in performing a duty under the policy might support a bad faith claim.[58] But there is no evidence that Defendants had a duty to evaluate the Fifth Wheel or that any delay was objectively unreasonable under the circumstances.

Finally, a bad faith claim based on Defendants' failure to timely repair the RV fails for the same reasons. National General did not delay or deny Mr. Lau's claim for property damage caused by the roof collapse. Rather, once it received an estimate from Mr. Lau, National General promptly tendered payment for the repair costs.[59]

---

[56] *See Nugget Construction Inc.*, 2006 WL 2251122, at *5.

[57] Docket 71-9.

[58] *See Lockwood*, 323 P.3d at 697.

[59] Docket 71-9.

Case No. 3:22-cv-00087-SLG, *Lau v. Good Sam Insurance Agency, et al.*
Order re. Pending Motions for Summary Judgment
Page 12 of 13
Case 3:22-cv-00087-SLG   Document 73   Filed 08/01/24   Page 12 of 13

Accordingly, summary judgment dismissing Mr. Lau's bad faith claims is warranted.

## CONCLUSION

For the foregoing reasons, the Court rules as follows:

1. Defendants' Renewed Motion for Summary Judgment on Vacation Liability Coverage at Docket 70 is **GRANTED**.

2. Defendants' Renewed Motion for Summary Judgment re Bad Faith at Docket 71 is **GRANTED**.

DATED this 1st day of August 2024, at Anchorage, Alaska.

<u>*/s/ Sharon L. Gleason*</u>
UNITED STATES DISTRICT JUDGE

Case No. 3:22-cv-00087-SLG, *Lau v. Good Sam Insurance Agency, et al.*
Order re. Pending Motions for Summary Judgment
Page 13 of 13
Case 3:22-cv-00087-SLG   Document 73   Filed 08/01/24   Page 13 of 13